UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  8:20-cv-00228-JLS-JDE                              Date:  February 11, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO ORANGE COUNTY SUPERIOR COURT**

      Plaintiffs Sarah Caron Ornelas and Rachael Todd filed this right of publicity action in Orange County Superior Court on January 2, 2020, alleging (1) unauthorized commercial use of name, voice, signature, photograph, or likeness under California Civil Code § 3344 and (2) unfair business practices under California's Unfair Competition Law, California Business & Professions Code § 17200, *et. seq*.  (Compl. ¶¶ 22-36, Notice of Removal Ex. A, Doc. 1 at 14.)  Defendants Hot Brands, LLC and Planet Beach Franchising Corporation removed the matter to this Court on February 5, 2020, under 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction, as set forth in 28 U.S.C. 1332(a).  (*See* Notice of Removal ¶¶ 3-6, Doc. 1.)

      As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction."  *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  And "the district court ha[s] a duty to [independently] establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  In their Notice of Removal, Defendants fail to properly establish (1) the existence of complete diversity and (2) that the amount in controversy exceeds the jurisdictional minimum.  *See* 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.  8:20-cv-00228-JLS-JDE                                                Date:  February 11, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

### I.  Complete Diversity

Defendants' assertions of citizenship are insufficient to establish the complete diversity required to invoke diversity jurisdiction.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  Specifically, nothing in the Complaint or Notice of Removal indicates that Defendant Hot Brands LLC is not a citizen of California.  (*See* Compl. ¶¶ 1-6; Notice of Removal ¶¶ 19-21.)  Defendants have merely stated that "HOT Brands, LLC, is a limited liability corporation incorporated under the laws of the State of Louisiana, domiciled in the State of Louisiana, and which maintains its principal place of business at 5145 Taravella Road, Marrero, Louisiana 70072."  (Notice of Removal ¶ 19.)  But, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, in order to properly establish complete diversity, Defendants must demonstrate that Hot Brands LLC has no constituent owner or individual member that is a citizen of California or Florida.  (*See* Notice of Removal at ¶¶ 11-21.)

### II.  Amount in Controversy

Where an assertion of federal jurisdiction is made under 28 U.S.C. § 1332 and "it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (stating that "if it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount").  And, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.   8:20-cv-00228-JLS-JDE                              Date:  February 11, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In the Notice of Removal, Defendants baldly assert that it is "facially apparent" from the Complaint that the amount in controversy exceeds this Court's $75,000 jurisdictional threshold, and that the costs associated with the injunctive relief Plaintiffs seek is greater than the amount needed to meet the requisite jurisdictional requirements. (Notice of Removal ¶¶ 27-28.)  However, nowhere does the Complaint assign any specific value to the claims.  Nor do Defendants' assertions establish the amount in controversy by a preponderance of the evidence.  *See Gaus*, 980 F.2d at 567 (holding that defendant's allegation that "'the matter in current controversy ... exceeds the sum of $50,000' … neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion").

### III.   Conclusion

Accordingly, Defendants are ORDERED to show cause, in writing, no later than **seven (7) days** from the date of the Order, why the Court should not remand this action to Orange County Superior Court.  In so responding, Defendants are further ORDERED to demonstrate that:
> (1) Hot Brands LLC is not a citizen of California or Florida, based on the citizenship of its members/constituent owners and;
> (2) the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

Plaintiffs have **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, the matter will be deemed under submission and the Court will thereafter issue an order.  The parties' briefing shall not exceed **(5) pages, exclusive of any accompanying evidentiary support.**

Initials of Preparer:  tg