UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case Nos.  8:20-cv-00228-JLS-JDE                                        Date:  March 09, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                                                     Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2020-01121724-CU-BT-CJC**

    Before the Court is Defendants Hot Brands, LLC and Planet Beach Franchising Corporation's Response to the Court's Order to Show Cause Why This Case Should Not Be Remanded to Orange County Superior Court (OSC, Doc. 11).  (Response, Doc. 15.)  For the following reasons, the Court REMANDS this action to Orange County Superior Court, Case No. 30-2020-01121724-CU-BT-CJC.

### I. BACKGROUND

#### A. Plaintiffs' Complaint

    Plaintiffs Sarah Caron Ornelas and Rachael Todd filed this right of publicity action in Orange County Superior Court on January 2, 2020.  (Compl., Notice of Removal Ex. A, Doc. 1 at 14.)  Plaintiffs are professional fitness models and instructors who were engaged in that role by Defendants.  (*Id*. ¶¶ 11, 13.)  They allege that "[i]n or about 2015, Defendants … asked Plaintiffs [to] fly out to Louisiana for a modelling photo and video shoot," for which Plaintiffs "would be paid a per diem fee to attend the shoot, and then Defendants would send Plaintiffs a proposal concerning their intended commercial use of those videos and photographs at a later date." (*Id*. ¶ 15.)  However, the parties never reached an agreement that would allow for Defendants' commercial use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.   8:20-cv-00228-JLS-JDE                                      Date:  March 09, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

of Plaintiffs' "names, images, voices, signatures, photographs, videos, and/or likenesses from the [2015]" shoot.  (*Id.* ¶ 15.)  Nevertheless, Plaintiffs aver that, absent consent, Defendants (1) from 2015 through 2017, in connection with their "HOTWORX" fitness studio business, made use of the images and videos of Plaintiffs produced at the 2015 shoot, and (2) continue to use Plaintiffs' likenesses in their promotional materials.  (*Id.* ¶¶ 16-19.)  Plaintiffs assert claims for (1) unauthorized commercial use of name, voice, signature, photograph, or likeness under California Civil Code § 3344 and (2) unfair business practices under California's Unfair Competition Law, California Business & Professions Code § 17200, *et. seq*.  (Compl. ¶¶ 22-36, Notice of Removal Ex. A, Doc. 1 at 14.)

### B.  Defendants' Removal and the Court's Order to Show Cause

Defendants removed the matter to this Court on February 5, 2020, under 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction, as set forth in 28 U.S.C. 1332(a).  (*See* Notice of Removal ¶¶ 3-6, Doc. 1.)  The Court thereafter issued an Order to Show Cause requiring Defendants to establish that there is complete diversity among the parties and that the amount in controversy exceeds $75,000.  (OSC at 3.)  Defendants' response to the OSC establishes diversity but, for the reasons explained below, fails to demonstrate sufficiently that the amount-in-controversy requirement is met.

## II.   LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction."  *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  And "the district court ha[s] a duty to [independently] establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.   8:20-cv-00228-JLS-JDE                                              Date:  March 09, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.
_____

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  And "if it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Id*. at 566-67.

## III.   **DISCUSSION**

As here, where an assertion of federal jurisdiction is made under 28 U.S.C. § 1332 and "it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In their Response, Defendants' assertion that the jurisdictional threshold is satisfied relies entirely on the premise that "Plaintiff's allegations under [California Civil Code] § 3344 alone exceed" $75,000.  (*See* Response at 2-4.)  § 3344 provides that:

> Any person who knowingly ***uses*** another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent … shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a

result of the unauthorized use, and any profits from the unauthorized use[1] that are attributable to the use and are not taken into account in computing the actual damages.

Cal. Civ. Code § 3344(a) (emphasis added).

In arguing that § 3344(a) supports their amount-in-controversy calculation, Defendants rely principally on *IO Group, Inc. v. Adkins*, No. C 04-4819 PJH, 2005 WL 1492381 (N.D. Cal. June 23, 2005).  In *IO Group*, the court awarded to the plaintiff, on default judgment, $750 in statutory damages, pursuant to § 3344, for each of 101 photographs which the defendant had displayed on the internet absent authorization.  *Id.* at *7.  Defendants have provided a declaration from the Steven P. Smith, president of Defendant Planet Beach Franchising Corporation, who attests that Plaintiffs participated in multiple video- and photoshoots, and that in total, "at least 100 photographs and/or videos were taken of [Plaintiff] Todd."  (Second Smith Decl. ¶¶ 2-5, Response Ex. B, Doc. 15-2.)  Defendants reason that in light of those statements, under *IO Group*, Plaintiffs have placed at least $75,750 in controversy under their first claim for relief.  (Response at 3.)

Defendants have drawn a false equivalency between *IO Group* and the instant circumstances.  In *IO Group*, the plaintiff affirmatively alleged that the defendant "reproduced, distributed, and publicly displayed at least 101 copyrighted photographs."  *IO Group*, 2005 WL 149238, at *1.  There is no such allegation here; rather, there is the mere statement, from one of Defendants' executives, that at least 100 photographs and/or videos were *taken* of Plaintiffs.  But that statement is not relevant to a claim for unauthorized <u>*use*</u> under California Civil Code § 3344.  Nothing in the Complaint or any of Defendants' filings indicates that there were at least 101 unauthorized *uses*, as

___
[1] The Court notes that Defendants could have satisfied the amount in controversy requirement by providing evidence of the profits recognized from the alleged unauthorized use of Plaintiffs' likenesses.  Defendants have elected not to do so.
___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.   8:20-cv-00228-JLS-JDE                                         Date:  March 09, 2020
Titles:  Sarah Caron Ornelas et al v. Hot Brands LLC et al.

contemplated by § 3344, which would give rise to a potential $75,750 in statutory damages.[2]

Accordingly, Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

## IV.   CONCLUSION

For the foregoing reasons, the Court REMANDS this case to Orange County Superior Court, Case No. 30-2020-01121724-CU-BT-CJC.

Initials of Preparer:  tg

---

[2] The Complaint identifies two particular photographs of Plaintiffs, which Defendants are alleged to have made unauthorized commercial use of.  (Compl. ¶¶ 19, 20.)  Thus, there is at least $1,500 in controversy in this dispute.